UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Winchester Industries, Inc., John Devanney, and Karianne Grantmeyer,<br>       *Plaintiffs*,<br><br>           *v.*<br><br>Sentry Insurance, a Mutual Company,<br>       *Defendant*. | Civil No. 3:06cv858 (JBA)<br><br><br><br><br>June 29, 2009 |

**RULING ON MOTION TO STRIKE PLAINTIFFS' JURY DEMAND**

Defendant Sentry Insurance ("Sentry") moves to strike the jury demand asserted by Plaintiffs Winchester Industries, Inc. ("Winchester") and John Devanney on the grounds that is untimely under Federal Rule of Civil Procedure 38. As explained below, because the Court concludes that exercising its Rule 39(b) discretion to grant a jury trial is warranted under the circumstances of this case, Sentry's motion is denied.

**I.     Background**

Plaintiffs filed a two-count amended complaint on June 2, 2007, naming two Defendants: Sentry, as well as its subsidiary, Patriot General Insurance Company ("Patriot"). (Am. Compl. [Doc # 36].)[1] The first count alleges a breach-of-contract claim against the Defendants for their refusal to defend and indemnify the Plaintiffs in a state-court action stemming from a motor-vehicle collision in which a motorcyclist, Joseph Grantmeyer, died after hitting a Winchester-owned Chevy Blazer driven by Devanney. The second count alleges negligence on the part of Gail Charette, the Sentry agent who renewed the

---

[1] Only Sentry was named in the original complaint, to which no responsive pleading was ever filed. Patriot was then added as a Defendant, on Sentry's request, because the policy in dispute was written by Patriot. Sentry remains as the sole Defendant in the case.

Winchester insurance coverage plan that failed to cover the accident. Plaintiffs made no jury claim in their amended complaint. On August 31, 2007, Defendants answered and Patriot counterclaimed seeking a declaratory judgment that it had no obligation to defend or indemnify Winchester and Devanney. (Defs.' Answer [Doc # 43].) The answer and counterclaim also contained no jury demand. On September 20, 2007, the Plaintiffs answered the counterclaim and demanded a jury trial for the first time. (Countercl. Defs.' Answer [Doc # 59].) Thereafter, the parties engaged in discovery on the negligence claim while Defendants' motion for summary judgment on count one was pending.

In February 2008, Judge Nevas granted Defendants' motion for summary judgment on the breach-of-contract claim and the counterclaim, holding that Patriot had no duty to defend or indemnify plaintiffs, leaving only the malpractice claim in count two to be tried. *Winchester Indus., Inc. v. Sentry Ins.*, 536 F. Supp.2d 203, 211 (D. Conn. 2008). Sentry now argues that, because Plaintiffs' jury claim was made in the answer to Patriot's counterclaim involving construction of terms of the insurance contract, no timely jury demand was made with respect to the negligence count. Plaintiffs argue that their jury demand on September 20, 2007 was intended and timely for all counts because the pleadings were not closed until they answered the counterclaims and because both the counterclaim and remaining negligence claim involve the same general issue of what insurance coverage Defendants provided.

**II.     Timeliness of the Jury Demand**

Rule 38 provides, in relevant part:

(b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:

> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d). . . .
>
> (d) Waiver; Withdrawal.  A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

As the Second Circuit has explained, "'the last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue," and "[n]ormally, that pleading is an answer, or, with respect to a counterclaim, a reply." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990).  But a jury demand made in response to a counterclaim does not extend to the complaint "simply on the basis that [the] complaint and appellants' counterclaim arose from a common factual setting." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 62 (1st Cir. 2003).  Rather, the question is whether the issues raised in the counterclaim and reply are "essentially similar to those in the complaint," in which case "a jury demand timely as to the former but not the latter, will extend to all issues in the case." *Transocean Air Lines v. Pan American World Airways*, 36 F.R.D. 43, 45 (S.D.N.Y. 1964). Jury claims or waivers made in a pleading are timely for all issues in the same "general area of dispute" for which the jury was claimed.  *Rosen v. Dick*, 639 F.2d 82, 95–96 (2d Cir. 1980) (quoting *Lanza v. Drexel*, 479 F.2d 1277, 1310 (2d Cir. 1973)).

The term "issue," as used in Rule 38, means "something more than the evidence offered and the legal theories pursued, although these are pertinent factors." *Rosen*, 639 F.2d at 94.  In this respect, the issues in a complaint and those in a counterclaim will not be found "essentially similar" if, "despite the fact that the underlying evidentiary facts are arguably substantially similar, the ultimate issue for decision is different." *Id.* (quoting *Cataldo v. E.I.*

*du Pont de Nemours & Co.*, 39 F.R.D. 305, 308 (S.D.N.Y. 1966). An issue is therefore not "new" unless it requires "a factual determination to be made by the jury that falls outside the matrix of fact" for the issues already in the case. *Virgin Air, Inc. v. Virgin Atlantic Airways, Ltd.*, 144 F.R.D. 56, 58 (S.D.N.Y 1992). The matter of the timeliness of the Plaintiffs' jury claim, then, turns on whether the issues of the counterclaim and remaining malpractice claim are essentially similar such that the undisputably timely jury demand on the counterclaim applies as well to the negligence claim as to which no separate jury demand was made.

In *Bogosian,* the First Circuit rejected the plaintiff's argument that a jury demand made in response to a counterclaim extended to the issues of her original complaint because the issues were so "interwoven that the latter jury demand implicitly preserved her right to jury trial" on both the issues of the counterclaim and the complaint. 323 F.3d at 61. There, both the complaint and the counterclaim involved a disputed acquisition of real estate: the complaint alleged breach of fiduciary duty and conspiracy to breach fiduciary duty, and the counterclaim alleged that the plaintiff had used the real-estate corporation's funds for personal use. *Id.* at 59-60. The First Circuit concluded that the common factual setting was not sufficient for the jury demand on the counterclaim to apply more broadly to the claims in the complaint. *Id.* at 62.

Here, while the evidence overlaps for both the malpractice count and the counterclaim, the "ultimate issue for decision" is different. The counterclaim asserts how Patriot's policy should be construed, which is unrelated to the issue of whether the agent was negligent in obtaining a policy with deficient coverage for Plaintiffs. Certainly the non-coverage of the extant policy is common evidence, but more is required to prove the agent's

4

professional negligence. Thus, the matrix for deciding malpractice is more extensive than just the coverage's limits.

In *Rosen*, with allegations against both an accounting firm and a corporation's directors arising out of the same acquisition of a troubled asset that later went bankrupt, the Second Circuit held that the accounting firm's negligence was not the same issue as that of corporate negligence and mismanagement, particularly as the standard of care for the accounting negligence would be informed by the profession's own standards. 639 F.2d at 98. Similarly, in this case, Charette's malpractice will be informed by her profession's own standard of care relating to the production of the policy which Judge Nevas has concluded provides no coverage for Plaintiffs relative to the Grantmeyer fatality. Under the Second Circuit's reasoning in *Rosen*, the stronger position with respect to Rule 38 likely is that the coverage issue and the negligence issue are sufficiently distinct that the jury demand should not extend to the negligence claim.

### III.     Rule 39

Finding that the jury demand does not apply and is untimely as to the negligence count, however, does not end the inquiry as to whether this matter will be heard by a jury. If a demand is not timely made, a court still has discretion to order a jury trial. Rule 39(b) provides that "the court may, on motion order a jury trial on any issue for which a jury might have been demanded," which undoubtedly encompasses the negligence count. Construing Plaintiffs' opposition to the motion to strike as a request for such discretionary relief, the question is whether invoking Rule 39(b) is appropriate under these circumstances. In this circuit, a district court's discretion under Rule 39(b) is limited to "determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief."

*Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967). In this context, "inadvertence" means "an accidental oversight; a result of carelessness." *Black's Law Dictionary* 774 (8th ed. 2004).

Given the unusual procedural circumstances of this case, and the paucity of directly applicable case law informing Plaintiffs of the pitfalls in effectively claiming a jury on all counts, the Court concludes that Plaintiffs' failure to timely file a jury demand has been shown to be neither an accidental oversight nor a result of carelessness. Plaintiffs' jury demand on September 20, 2007, as part of their answer to the counterclaim, was predicated on their belief that all issues in the pleadings remained open until they filed their reply to the counterclaim. While the Court has determined that this presumption was probably misplaced, Plaintiffs' actions and argument in favor of their position are not unreasonable and are not easily construed as mere inadvertence.

Further, Sentry was not prejudiced by the timing of the demand. Plaintiffs' ten-day opportunity to file a jury demand expired on September 17, 2007, only three days before they filed their demand. *See* Fed. R. Civ. P. 6(a). Continued discovery in this case was conducted with both parties' knowledge of the Plaintiffs' jury demand until February 13, 2009. (Def.'s Status Report [Doc. # 86] at 2–3.) As a result, Sentry has not been subject to any unfair surprise. *Cf. Edward Andrews Group Inc. v. Addressing Services Co, Inc.*, No. 07-4607, 2008 WL 449944, at *2 (S.D.N.Y. Feb. 20, 2008) ("Discovery was conducted with the parties' knowledge that [defendant] was demanding a jury (and that [plaintiff] was opposing same)."). To the contrary, Sentry only moved to strike the jury demand in March 2009—nearly eighteen months after Plaintiffs served their demand—following multiple extensions of time for discovery purposes with both parties presumably preparing for a jury

trial. At a minimum, the parties were cognizant of the possibility of a jury trial throughout the proceedings. Following the reassignment of this case, this Court's scheduling order [Doc. # 96] of February 25, 2009 set the case down for jury selection, following which came Sentry's challenge to a jury trial. Given that the differences between a bench trial and a jury trial largely consist of the addition of jury selection and jury charge, together with the deletion of proposed findings of fact and conclusions of law, all parties have been able to adequately prepare their cases for trial before a jury.

Finally, the Court's decision to exercise its discretion to impanel a jury in this case is further dictated by considerations of judicial efficiency and practicality. Should the Second Circuit hold that Plaintiffs were not entitled to a jury trial, the jury would be considered an advisory jury for purposes of Rule 39(c), and "the case would not need to be re-tried." *Edward Andrews Group*, 2008 WL 449944, at *2 n.4. In contrast, if the Court denied Plaintiffs a jury trial and on appellate review this determination was found erroneous, a second trial would be required, at greater expense.

### IV.     Conclusion

For these reasons, the Court will exercise its discretion in granting a jury trial on the second count of the amended complaint despite the Plaintiffs' likely untimely claim. Sentry's motion to strike the jury claim [Doc. # 99] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of June, 2009.